| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | Firm ID. 30118 |
| | ) SS | |
| COUNTY OF COOK | ) | |

FILED
1/8/2019 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L000001

FILED DATE: 1/8/2019 4:04 PM   2019L000001

IN THE CIRCUIT COURT OF COOK COUNTY
ILLINOIS COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Cheryl Garrett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No: 2019L000001 |
| | ) | |
| Dr. Joshua Axe; Ancient Brands, LLC, a Florida | ) | |
| Limited Liability Company, d/b/a Ancient Nutrition | ) | |
| Holdings, LLC, a Florida Limited Liability | ) | |
| Company; Axe Products, a Tennessee Company | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, CHERYL GARRETT, by and through her attorney, THOMAS M. PARIS, ESQ., and complaining of the DEFENDANTS, DR. JOSHUA AXE, ANCIENT BRANDS, LLC, a Florida Limited Liability Corporation, d/b/a ANCIENT NUTRITION, HOLDINGS, LLC, a Florida Limited Liability Company; and Axe Products, a Tennessee Company, upon information and belief states as follows:

**PARTIES**

1. The PLAINTIFF, CHERYL GARRETT, (hereinafter collectively referred to as "PLAINTIFF.") an individual, at all relevant times was a resident of the state of Illinois.

2. The PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, DR. JOSHUA AXE, ANCIENT BRANDS, LLC, a Florida Limited Liability Company d/b/a ANCIENT NUTRITION (hereinafter collectively referred to as "DEFENDANTS"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Florida. With a principal business address of 1201 US

FILED DATE: 1/8/2019 4:04 PM   2019L000001

HIGHWAY 1 STE 350 NORTH PALM BEACH, FL 33408-8508. At all relevant times herein complained of, DEFENDANTS marketed its products through the internet, social media, mail, and via United Parcel Service to many, perhaps thousands, of Illinois residents, of which the PLAINTIFF, was one.

## JURISDICTION AND VENUE

3. Pursuant to the Illinois Constitution Art. VI, §9, this Court has subject matter jurisdiction over the PLAINTIFF's claims.

4. This Court has jurisdiction over DEFENDANTS pursuant to 735 ILCS 5/2-209 because they conduct business transactions in Illinois, have committed tortious acts in Illinois, and have transacted substantial business in Illinois that caused harm in Illinois.

5. Venue is proper in Cook County because DEFENDANTS conduct business transactions in Cook County and the causes of action arose, in part, in Cook County.

## BACKGROUND

6. At all relevant times, the DEFENDANTS were engaged in the manufacturing and wholesale and retail distribution of certain herbal food and nutritional supplement products with the intent of introducing and selling these products to the general public. Said products were in fact sold in Illinois as well as several other states. At all relevant times herein, the DEFENDANTS were the producer, designer, creator, manufacturer, wholesaler, distributor, advertiser, and retailer of certain products known as Dr. Axe's Ancient Nutrition protein "Bone Broth" powders: **Bone Broth Protein™ Chocolate** and **Multi Collagen Protein. Bone Broth Protein™ Chocolate**, which contains the following ingredients: Collagen Type II; Glucosamine; Chondroitin; Hyaluronic Acid; And 19 Amino Acids. Natural Chocolate Flavor, Cocoa Powder, Xanthan Gum, Guar Gum, Stevia Extract, Monk Fruit Extract, Sugar, Protein, Calcium, Sodium,

2 of 20

FILED DATE: 1/8/2019 4:04 PM   2019L000001

Potassium, Chicken Bone Broth Protein Concentrate. **Supplement Facts:** per one serving size, serving size 1 level scoop (approx. 25.17g): 98 Calories, Calories from Fat 7, Total Fat <1g, Total Carbohydrate 2g, Sugars 1g, Protein 20g, Calcium 14mg, Sodium 150 mg, Chicken Bone Broth Protein Concentrate 22.25g.

**Multi Collagen Protein™** which contains the following ingredients: Hydrolyzed collagen peptides from grass-fed beef, Collagen from chicken bone broth, Hydrolyzed collagen peptides from wild fish, Collagen from eggshell membrane. Collagen Peptides from Hydrolyzed Bovine Hide: Collagen Types I and Type III: Glycine Proline and Amino Acids. Chicken Collagen Type II (Derived from Chicken Bone Broth Concentrate): Collagen Type II, chondroitin sulfate, glucosamine sulfate, and Hyaluronic acid. Hydrolyzed Fish Collagen Peptides (from Wild Pollock): Collagen Type I, Amino acids, glycine, proline, hydroxyproline. Eggshell Membrane Collagen: collagen Types I, V and X, chondroitin, hyaluronic acid, and other glycosaminoglycans. Also contains Stevia leaf, Eggs, Protein, Sugar, Cocoa Powder, Xanthan Gum, Guar Gum, Calcium, Sodium, and Potassium. **Supplement Facts**. Serving size, 1 heaping scoop (10.2 g): Calories 35, Protein 9g, Multi Collagen Complex 10.2g (Hydrolyzed Bovine Hide, Collagen Peptides, Chicken Bone Broth Collagen Concentrate, Hydrolyzed Fish Collagen Peptides, Eggshell Membrane Collagen) *Daily Value (DV) not established. (hereinafter collectively referred to "THE PRODUCTS").

7.  In order to accomplish its distribution objectives, DEFENDANTS developed and created a multi-level marketing program through the internet more specifically, through a social media marketing campaign ( i.e. advertising target-marketing schemes to consumers through pop up advertisement videos and articles soliciting and marketing the sale of THE PRODUCTS by DEFENDANTS to users of Facebook Instagram and various other social media websites and

FILED DATE: 1/8/2019 4:04 PM   2019L000001

other websites which would route the consumer to their website https://store.draxe.com/ to purchase THE PRODUCTS after the consumer clicked on DEFENDANTS marketing content). DEFENDANTS designed THE PRODUCTS to target and encourage personal use of THE PRODUCTS by consumers in the State of Illinois.

8. DEFENDANTS have created an advertising program and social media marketing campaign that has been designed and calculated to deceive customers, including PLAINTIFF, and distributors of DEFENDANTS, as well as the general public. This scheme, which was created to enhance the public confidence in DEFENDANTS and THE PRODUCTS, misrepresented THE PRODUCTS and the health benefits to the general public. Said program and marketing campaign also omits any dangers associated with the general public's use of DEFENDANTS' products. DEFENDANTS' distributors, including the one who initially sold THE PRODUCTS to PLAINTIFF, have utilized this scheme to solicit purchases from thousands to potentially hundreds of thousands of customers over the last several years, including PLAINTIFF, herein.

9. As part of its scheme, and for the purpose of building public customer and distributor confidence in the background, Dr. Joshua Axe, and DR. AXE made multiple false and misleading claims which include, but are not limited to, the following:

    (a) THE PRODUCTS are "Clean, minimal ingredients. Check our label. You'll only find 4 total ingredients, all from real food sources raised without antibiotics or growth hormones. Everything is non-GMO. Our supply chain is clean from start to finish."

    (b) THE PRODUCTS will "Support joint-health with benefits reported as early as 3 weeks."

    (c) THE PRODUCTS are "Allergy-free (gluten, dairy, tree nut, egg, soy, peanuts, crustaceans, etc.)";

    (d) THE PRODUCTS "Supports skin health";

FILED DATE: 1/8/2019 4:04 PM   2019L000001

    (e)    THE PRODUCTS "Supports a healthy gut";

    (f)    THE PRODUCTS "Supports a healthy immune system"

    (g)    Implied that THE PRODUCTS are safe for human consumption.

    (h)    Dr. Joshua Axe holds himself out to be a "Doctor", this is misleading as Dr. Joshua Axe, is not an M.D. or D.O., Dr. Joshua Axe was educated as a chiropractor, however, he has been un-licensed in Tennessee since 2013 to present. He held a Chiropractic license for a relatively short time, from approximately 1/08/2008 to 8/31/2013 in Tennessee. On information and belief, he has never held a chiropractic license in any other state.

10.    These and other claims about health benefits from consuming THE PRODUCTS have been designed to lead customers, distributors and the general public, including the PLAINTIFF, into believing that Dr. Joshua Axe has extensive medical, pharmaceutical and pharmacological and scientific training in the fields of medicine, drugs, and herbs, and that such education, training, and experience resulted in his recognition as a world-leading health and nutritional expert. Though Dr. Joshua Axe has been un-licensed as a chiropractor from 2013 to present (a period of time during which PLAINTIFF was not aware of, or using THE PRODUCTS). Notwithstanding the fact that he has no license, Dr. Joshua Axe still holds himself out to the public and his consumers, here to the PLAINTIFF, as a "Doctor" which was misleading to the PLAINTIFF and other consumers who relied on Dr. Joshua Axe's purported knowledge, experience, credentials, and skill.  The purpose of this fraudulent scheme has been to convince users, distributors and the general public, including the PLAINTIFF, into believing and trusting that  DEFENDANTS would create THE PRODUCTS to be nutritionally superior and safe for consumption because a person of Dr. Joshua Axes's supposed credentials as a doctor would have extensively studied, tested, developed, and processed all of DR. AXE'S products in a medically safe manner. The true fact is Dr. Axe's products were dangerous to PLAINTIFF's

consumption as THE PRODUCTS were: impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption.

11. In the summer of 2016, the DEFENDANTS, shipped to the PLAINTIFF, products she ordered over the internet after reading and relying upon the representations plead above.

12. The PLAINTIFF acquired and consumed other shipments and deliveries of the DEFENDANTS' THE PRODUCTS. The PLAINTIFF continued to consume DEFENDANTS' THE PRODUCTS until approximately February 2017. It was at this time when PLAINTIFF first discovered that her health was being adversely affected by THE PRODUCTS and began to understand the representations made about THE PRODUCTS had been false, misleading or fraudulent, though not to the full extent now known and discovered.

13. Based upon the false statements and misrepresentation referenced above, the PLAINTIFF purchased all of the products with the intent to consume and use said products as described and instructed by the DEFENDANTS. At all times mentioned herein the PLAINTIFF used the products as instructed by the DEFENDANTS, and there was no misuse of any products by the PLAINTIFF.

14. That on or about February 2017, after consuming THE PRODUCTS for months the PLAINTIFF sustained serious, disfiguring and permanent injuries which necessitated extensive medical consultation and treatment for the following; skin rashes, skin discoloration, feet aching from pain, trouble walking, swelling under knuckles on right hand, swelling of feet, swelling of lips, bumps on feet, and coughing up thick yellow sputum on a consistent basis. The PLAINTIFF was hindered and prevented from attending to her usual duties and affairs and employment: expended great sums of money in an attempt to be cured; and suffered great

physical pain and mental suffering, all of which injuries are permanent in nature. Said injuries have caused and will continue to cause great mental and physical anguish and suffering.

## INDEX TO COUNTS

I.   CONSUMER FRAUD (IL ST CH 815 § 505/2)……………………………..………7

II.  NEGLIGENCE……………………………………………..……………….……..10

III. STRICT LIABILITY……………….……………………………………………… 12

IV.  BREACH OF IMPLIED WARRANTY (UCC-2-314) (IL ST CH 810 § 5/2-314)…15

V.   BREACH OF EXPRESS WARRANTY (UCC-2-313) (IL ST CH 810 § 5/2-313).. 17

VI.  BREACH OF WARRANTY FOR A PARTICULAR PURPOSE (UCC-2-315)
     (IL ST CH 810 § 5/2-315)……………………………………………………....19

### COUNT I
### (Consumer Fraud IL ST CH 815 § 505/2)

1-14. The PLAINTIFF, repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count I of its Complaint at Law.

15. The Consumer Fraud Act forbids unfair or deceptive acts or practices, including the use of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, in the conduct of trade or business with the intent that others rely on the deceptive practices. *See*, 815 ILCS 505/2 (West 2018).

16. Section 10(a) of the Consumer Fraud and Deceptive Business Practice Act provides that any person damaged by a violation of the act may bring an action to seek damages or any other appropriate remedy from the person who violated the Act.

17. Both PLAINTIFF and DEFENDANTS are "persons" as that term is defined in Section 1(c) of the Consumer Fraud and Deceptive Business Practices Act.

18. The DEFENDANTS were acting in the course of their business when they relayed and displayed health benefits information of THE PRODUCTS on their website to the PLAINTIFF. The literature displayed, on the DEFENDANTS' website and products sold and distributed to the PLAINTIFF, stated or implied that:

(a) THE PRODUCTS contained no harmful chemicals and materials;

(b) THE PRODUCTS would improve the PLAINTIFF's day to day health and strengthen her;

(c) THE PRODUCTS would have certain other beneficial effects upon the PLAINTIFF's health, including adding to the length of her life, and helping her combat, resist and overcome many major illnesses' or diseases;

(d) THE PRODUCTS were safe, that they had been tested and that the PLAINTIFF, would be incurring no risk by consuming the products which had been tested and had been used for several years;

(f) Dr. Joshua Axe, was a medical doctor, a doctor of pharmacology, a licensed American pharmacist, a licensed doctor of chiropractic, or some recognized form of a doctor who practiced medicine and was knowledgeable in the treatment of human ailments.

19. DEFENDANTS made these representations with the knowledge that they were untrue and with the intention that the PLAINTIFF, act in reliance upon these misrepresentations.

20. The representations by the DEFENDANTS were in fact false. The true facts were as follows:

(a) That certain of THE PRODUCTS contained harmful materials and or chemicals and or food additives harmful to human consumption;

(b) That the products did not improve the PLAINTIFF'S health and medical condition, nor did they strengthen her;

(c) That THE PRODUCTS did not have any beneficial effect upon the PLAINTIFF'S health, including adding to the length of her life and helping her combat, resist and overcome virtually every major illness or disease;

(d) That THE PRODUCTS were not safe and that potential customers, including the PLAINTIFF, did, in fact, incur risks and suffer serious physical injuries by consuming THE PRODUCTS;

(e) That THE PRODUCTS had not been tested; and

(f) Dr. Joshua Axe was neither a licensed medical doctor, a licensed doctor of pharmacology, a licensed American pharmacist, a licensed doctor of chiropractic, as he has been unlicensed since 2013.

21. The DEFENDANTS, engaged in a deceptive business act or practice, with the intent that the PLAINTIFF, rely on the deception and misrepresentations of DEFENDANTS. That DEFENDANTS deceived and misrepresented the health benefits and safety of THE PRODUCTS themselves in order to sell more of THE PRODUCTS. The deceptive business practice took place in the course of trade or commerce of the aforementioned selling of "THE PRODUCTS" through the DEFENDANTS' website representing and warranting to consumers of Illinois and to the PLAINTIFF, that the products were beneficial for human health, safe for human consumption and free from tainted or harmful materials, when in fact THE PRODUCTS were highly dangerous and toxic to consumers, and to the PLAINTIFF. THE PRODUCTS were dangerous to consumers and the PLAINTIFF because THE PRODUCTS were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption. Those misrepresentations and deceptions were the proximate cause of the PLAINTIFF's alleged injuries.

22. As a direct and proximate result of the misrepresentation of the DEFENDANTS, and as a result of the PLAINTIFF'S purchase and consumption of THE PRODUCTS, the PLAINTIFF, became ill and sick after consuming said products, suffering severe injury to her body, which has forced her to expend considerable sums of money and she will be forced in the future to expend additional monies.

23. WHEREFORE, the PLAINTIFF prays for judgment against the DEFENDANTS, in the amount found by the court to be due for compensatory damages in such amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS. The PLAINTIFF additionally prays for her attorneys' fees and costs for bringing this matter. The PLAINTIFF further prays for such other and further relief as this court deems just.

## COUNT II
### (Negligence)

1-14. The PLAINTIFF, repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count II of its Complaint at Law.

15. That on and prior to February 2017, and at all times relevant hereto, the DEFENDANTS, was a Florida corporation doing business in the State of Illinois and conducted business in and throughout Cook County.

16. That on and prior to February 2017, and at all times relevant hereto, the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, owned, operated, maintained and/or controlled a website: https://store.draxe.com/, located out of: 1201 US HIGHWAY 1 STE 350 NORTH PALM BEACH, FL 33408-8508. Wherein it expressly and impliedly invited the public and the PLAINTIFF, to enter its website as a customer, and to buy and consume THE PRODUCTS.

17. That on and prior to February 2017, and at all times relevant hereto, there existed a duty on the part of the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, to ensure that all foods nutritional products and THE PRODUCTS sold, served, provided, and/or furnished to the public and the PLAINTIFF, were, and would be,

pure, wholesome, free from any or harmful substance or taint, and/or fit for immediate human consumption.

18. That on or about Summer 2016, the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, sold, served, and/or provided food nutritional supplements and THE PRODUCTS to the PLAINTIFF, which were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption.

19. Beginning in the Summer 2016, the PLAINTIFF, purchased food nutritional supplements and THE PRODUCTS from the DEFENDANTS' website.

20. That through February 2017 PLAINTIFF consumed THE PRODUCTS she received from the DEFENDANTS' and as a direct and proximate result became seriously ill and afflicted by disability illness and disfigurement.

21. That disregarding its duties, the DEFENDANTS' by and through its agents, servants and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   (a) Sold, served and/or provided food nutritional supplements and THE PRODUCTS to the PLAINTIFF, which were impure, unwholesome, harmful, tainted, and/or unfit for human consumption;

   (b) Failed to warn of the adverse risks of consuming THE PRODUCTS which were impure, unwholesome, harmful, tainted, and/or unfit for human consumption;

   (c) Failed to ensure all foods nutritional supplements and THE PRODUCTS sold, served, provided, and/or furnished to the PLAINTIFF, were pure, wholesome, free from any or harmful substance or taint, and/or fit for human consumption; and

   (d) Failed to warn that some users would suffer adverse health consequences.

   (e) Failed to provide the PLAINTIFF with sufficient information to make a reasonably informed choice about whether THE PRODUCTS would be harmful to her health.

FILED DATE: 1/8/2019 4:04 PM 2019L000001

22. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, the PLAINTIFF, sustained serious and permanent injuries: was required to seek extensive medical consultation and treatment; was hindered and prevented from attending to her usual duties and affairs and employment; expended great sums of money in an attempt to be cured; and suffered great physical pain and mental suffering, all of which injuries are permanent in nature.

23. WHEREFORE, the PLAINTIFF, prays for judgment against the DEFENDANTS, in such amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, as will fairly and adequately compensate the PLAINTIFF, for her injuries, losses, and damages as hereinabove alleged, and additionally, costs of suit.

## COUNT III
### (Strict Liability)

1-14. The PLAINTIFF repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count III of its Complaint at Law.

15. That on and prior to February 2017, and at all times relevant hereto, the DEFENDANTS, was a Florida corporation doing business in the State of Illinois and conducted business in and throughout Cook County.

16. That on and prior to February 2017, and at all times relevant hereto, the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, owned, operated, maintained and/or controlled a website: https://store.draxe.com/, located out of: 1201 US HIGHWAY 1 STE 350 NORTH PALM BEACH, FL 33408-8508.

Wherein it expressly and impliedly invited the public and the PLAINTIFF, to enter its website as a customer, and to buy and consume THE PRODUCTS.

17. That on or about Summer 2016, the PLAINTIFF, began purchasing THE PRODUCTS from the DEFENDANTS' website.

18. That on or about February 2017, the PLAINTIFF, consumed THE PRODUCTS she received from the DEFENDANTS' website. And as a direct and proximate result became seriously ill and afflicted by severe illness, as THE PRODUCTS were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption.

19. The PLAINTIFF'S illness, which became evident in February 2017 included: skin rashes, skin discoloration, feet aching from constant pain, constant trouble walking, constant swelling under knuckles on right hand, constant swelling of feet, constant swelling of lips, bumps on feet, and coughing up thick yellow sputum on a consistent basis. The PLAINTIFF was hindered and prevented from attending to her usual duties and affairs and employment: expended great sums of money in an attempt to be cured; and suffered great physical pain and mental suffering, all of which injuries are permanent in nature. Said injuries have caused and will continue to cause great mental and physical anguish and suffering.

20. That the DEFENDANTS manufactured, distributed and sold the adulterated and tainted THE PRODUCTS that injured the PLAINTIFF, and caused her to become seriously ill.

21. That the DEFENDANTS manufacture food nutritional supplements and drinks i.e. THE PRODUCTS for sale to the public as food products which will have beneficial health effects.

22. That THE PRODUCTS are tainted and contaminated with ingredients unsafe for human consumption when put to the use reasonably foreseeable considering the nature of THE

13 of 20

PRODUCTS i.e. were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption. Namely, contaminated ingredients in nutrition/food products and drink are unfit for human consumption.

23. That THE PRODUCTS that the PLAINTIFF, purchased from the DEFENDANTS, was contaminated with tainted ingredients harmful and hazardous to human health.

24. That the consumption of the contaminated and tainted "THE PRODUCTS" caused PLAINTIFF to become seriously ill and to suffer injuries as a direct and proximate result.

25. That THE PRODUCTS that the PLAINTIFF, purchased and consumed were contaminated with tainted ingredients which were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption. And was harmful for human consumption, when it left the DEFENDANTS' control.

26. That the DEFENDANTS are strictly liable to the PLAINTIFF, for the harm proximately caused by its manufacture and sale of an unsafe and defective food product i.e. THE PRODUCTS.

27. WHEREFORE, the PLAINTIFF, prays for judgment against the DEFENDANTS, in such amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which will fairly and adequately compensate the PLAINTIFF, for her injuries, losses, and damages as hereinabove alleged, and additionally, costs of suit.

## COUNT IV
### (Breach of Implied Warranty, UCC-2-314, IL ST CH 810 § 5/2-314)

1-14. The PLAINTIFF repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count IV of its Complaint at Law.

FILED DATE: 1/8/2019 4:04 PM   2019L000001

15. As a part of its business, the DEFENDANTS, designed, manufactured, assembled, tested, inspected, marketed, sold and distributed THE PRODUCTS.

16. The DEFENDANTS, at all times, knew and intended that THE PRODUCTS would be purchased and used by consumers and users without inspection for harmful chemicals or other ingredients dangerous to their health. That DEFENDANTS, impliedly warranted that THE PRODUCTS were of merchantable quality pursuant to Section 2-314 of the Uniform Commercial Code 810 ILCS 5/2-34 (West 2018).

17. THE PRODUCTS were defective and unsafe in that THE PRODUCTS contained harmful ingredients, and therefore, not fit for the ordinary purpose for which they were sold.

18. The DEFENDANTS, failed to warn of the dangers of harmful ingredients when it was foreseeable that an injury, as suffered by the PLAINTIFF, would occur.

19. As late as February 2017, the PLAINTIFF was using the products in the manner that was intended by the DEFENDANTS. During the course of this use and as a proximate result of the PLAINTIFF ingesting the dangerous ingredients in the product, PLAINTIFF, suffered injuries and damages as hereinafter set forth.

20. The DEFENDANT, DR. AXE, by and through its agents, servants and/or employees, whether actual or apparent, sold, served, and/or provided food/nutritional supplements to the PLAINTIFF, On or about Summer 2016, which was impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption. The PLAINTIFF, relying on the DEFENDANTS' assurance, promise and/or warranty and without knowledge or notice of the true character and condition of the food/nutritional supplements, purchased food/nutritional supplements from the DEFENDANTS' website, consumed it, and as a direct and proximate result became seriously ill and afflicted by severe illness. That as a direct and proximate result of

the breach of warranty of the DEFENDANTS, by and through its agents, servants and/or employees, whether actual or apparent, the PLAINTIFF, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment for the following; skin rashes, skin discoloration, feet aching from constant pain, constant trouble walking, constant swelling under knuckles on right hand, constant swelling of feet, constant swelling of lips, bumps on feet, and coughing up thick yellow sputum on a consistent basis. Was hindered and prevented from attending to her usual duties and affairs and employment: expended great sums of money in an attempt to be cured; and suffered great physical pain and mental suffering, all of which injuries are permanent in nature. Said injuries have caused and will continue to cause great mental and physical anguish and suffering.

21. As a further direct and proximate result of the defects previously stated, the PLAINTIFF, has incurred and will in the future continue to incur medical expenses for examination, care, and treatment of her injuries, the exact nature and extent of which are unknown at this time.

22. The PLAINTIFF believes and thereon alleges that said injuries have and will result in some permanent disability to her, all to her general damages in an amount not presently known but which is in excess of the jurisdictional limits of this court.

23. That PLAINTIFF gave reasonable notice of the breach of warranty to the DEFENDANT. WHEREFORE, the PLAINTIFF, prays for judgment in her favor and against the DEFENDANTS, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

**COUNT V**
**(Breach of Express Warranty, UCC-2-313, IL ST CH 810 § 5/2-313)**

1-14.	The PLAINTIFF repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count V of its Complaint at Law.

15.	The DEFENDANTS expressly warranted to the PLAINTIFF that the products sold to the PLAINTIFF, would improve the PLAINTIFF'S physical condition and that their use would be beneficial to consumers of the product, including the PLAINTIFF because they contain no harmful chemicals or other dangerous ingredients.

16.	At all times herein mentioned the DEFENDANTS, each of them knew or should have known that the products contained certain other ingredients harmful to consumers, including the PLAINTIFF, and that the products had no beneficial capabilities as represented by the DEFENDANTS.

17.	The products purchased by the PLAINTIFF, from the DEFENDANTS, as herein alleged were at the time of the purchase defective and unsafe for their intended use in that certain ingredients were capable of causing serious physical injury to consumers, because THE PRODUCTS contained ingredients which were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption.

18.	As a direct and proximate result of said actions by the DEFENDANTS, the PLAINTIFF, was hurt and injured in her health in that she has sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment for the following; skin rashes, skin discoloration, feet aching from constant pain, constant trouble walking, constant swelling under knuckles on right hand, constant swelling of feet, constant swelling of lips, bumps on feet, and coughing up thick yellow sputum on a consistent basis. The PLAINTIFF was

17 of 20

hindered and prevented from attending to her usual duties and affairs and employment: expended great sums of money in an attempt to be cured; and suffered great physical pain and mental suffering, all of which injuries are permanent in nature. Said injuries have caused and will continue to cause great mental and physical anguish and suffering.

19. The PLAINTIFF believes and thereon alleges that said injuries will result in some permanent disability to her in an amount in excess of the jurisdictional limits of this court.

20. As a further direct and proximate result of the DEFENDANTS, breach of warranty, the PLAINTIFF, has incurred and will incur in the future medical expenses for the examination, care, and treatment of her injuries, the exact nature and extent of which are unknown at this time.

21. That PLAINTIFF gave reasonable notice of the breach of warranty to the DEFENDANTS. WHEREFORE, the PLAINTIFF, prays for judgment against the DEFENDANTS, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus costs.

## COUNT VI
### (Breach of Warranty for a Particular Purpose, UCC-2-315, IL ST CH 810 § 5/2-315)

1-14. The PLAINTIFF repeats and realleges the allegations contained in Paragraph 1 through 14 of its Complaint at Law as Paragraphs 1 through 14 of Count VI of its Complaint at Law.

15. As a part of its business, the DEFENDANTS, designed, manufactured, assembled, tested, inspected, marketed, sold and distributed THE PRODUCTS.

16. The DEFENDANTS, at all times, knew and intended that the products would be purchased and used by consumers and users without inspection for harmful chemicals or other ingredients dangerous to their health. That DEFENDANTS, impliedly warranted that THE

PRODUCTS were fit for the particular purpose for which they were sold pursuant to Section 2-315 of the Uniform Commercial Code. 810 ILCS 5/2-315 (West 2018).

17. THE PRODUCTS were defective and unsafe in that the products contained and harmful ingredients. were impure, unwholesome, harmful, tainted, and/or unfit for immediate human consumption, and therefore, not fit for the particular purpose for which they were sold.

18. The DEFENDANTS, failed to warn of the dangers of harmful ingredients when it was foreseeable that an injury, as suffered by the PLAINTIFF, would occur.

19. As late as February 2017, the PLAINTIFF was using the products in the manner that was intended by the DEFENDANTS. During the course of this use and as a proximate result of the dangerous ingredients in the product, PLAINTIFF suffered injuries and damages as hereinafter set forth.

20. As a direct and proximate result of DEFENDANTS breach of warranty, the PLAINTIFF, was hurt and injured in her health in that she has sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment for the following; skin rashes, skin discoloration, feet aching from constant pain, constant trouble walking, constant swelling under knuckles on right hand, constant swelling of feet, constant swelling of lips, bumps on feet, and coughing up thick yellow sputum on a consistent basis. Was hindered and prevented from attending to her usual duties and affairs and employment: expended great sums of money in an attempt to be cured; and suffered great physical pain and mental suffering, all of which injuries are permanent in nature. Said injuries have caused and will continue to cause great mental and physical anguish and suffering.

21. As a further direct and proximate result of the defects previously stated, the PLAINTIFF, has incurred and will in the future continue to incur medical expenses for

FILED DATE: 1/8/2019 4:04 PM   2019L000001

examination, care, and treatment of her injuries, the exact nature and extent of which are unknown at this time.

22. The PLAINTIFF believes and thereon alleges that said injuries have and will result in some permanent disability to her, all to her general damages in an amount not presently known but which is in excess of the jurisdictional limits of this court.

23. That PLAINTIFF gave reasonable notice of the breach of warranty to the DEFENDANTS. WHEREFORE, the PLAINTIFF prays for judgment in her favor and against the DEFENDANTS, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

    Respectfully Submitted,

    /s/Thomas M. Paris
    Attorney for *Plaintiff*
    By: Thomas M. Paris, Esq.

Thomas M. Paris, Esq. (#30118)
Attorney & Counselor at Law
55 West Monroe, Suite 3330
Chicago, IL 60603
(312)759-1600
tp@tomparislaw.com